IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

OREGON WILD,                       No. 6:09-cv-00185-AA
                                                                 OPINION AND ORDER

        Plaintiff,

   vs.

MICHAEL C. CONNOR, in his
official capacity as Commissioner
of the Bureau of Reclamation,

        Defendant.
_____

William C. Carpenter Jr.
Attorney At Law
474 Willamette St. Suite 303
Eugene, Oregon 97401
    Attorney for plaintiff

S. Amanda Marshall
United States Attorney
Stephen J. Odell
Assistant United States Attorney
District of Oregon
600 United States Courthouse
1000 S.W. Third Avenue
Portland, Oregon 97204-2902

Page 1 - OPINION AND ORDER

Ignacia Moreno
Assistant Attorney General
Environment and Natural Resources Division
Seth Barsky, Chief
S. Jay Govindan, Assistant Chief
Coby Howell, Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife & Marine Resources Section
1000 SW Third Avenue
Portland, Oregon 97204-2902
    Attorneys for Federal defendant

AIKEN, Chief Judge:

Defendant filed a motion for judgment on the pleadings asserting that plaintiff's second claim is moot. Defendant's motion is granted.

## BACKGROUND

There is no dispute or controversy surrounding the historical facts and procedural posture of this 3 1/2 year old case. Therefore, the background facts will not be repeated here. See Court docket including Complaint (doc. 1), Answer (doc. 6), Stipulated Motion to Dismiss without Prejudice and Order granting Motion (docs. 17, 18), Unopposed Motion to Reopen Case and Order granting Motion (docs. 20, 22), First Supplemental Complaint (doc. 25), and Answer to Amended Complaint (doc. 32).

## STANDARDS

Defendant moves pursuant to Fed. R. Civ. P. 12(c), 12(b)(1) and/or 12(h)(3) to dismiss plaintiff's Complaint for Declaratory and Injunctive Relief, and First Supplemental Complaint. Rule 12(c) states that "[a]fter the pleadings are closed - but early

Page 2 - OPINION AND ORDER

enough not to delay trial - any party may move for judgment on the pleadings. Id. A motion for judgment on the pleadings attacks the legal sufficiency of the claims alleged in the complaint. Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church, 887 F.2d 228, 230 (9th Cir. 1989). A challenge to subject matter jurisdiction, normally brought pursuant to Rule 12(b)(1) before filing an answer, is allowed under Rule 12(c). 5C Charles A. Wright & Miller, Federal Practice and Procedure, § 1367, at 516 (1990). In such circumstances, the standard for judgment on the pleadings is the same as for a motion to dismiss pursuant to Rule 12(b)(1). Id.

When a party moves to dismiss a pleading pursuant to Rule 12(b)(1) on the ground the pleading does not set forth sufficient grounds for the court's subject matter jurisdiction, "though the court must accept all material, factual allegations of the complaint as true, it need not accept conclusory allegations or legal characterizations as true." Myers v. United States, 883 F. Supp. 526, 531 n.12 (D. Or. 1995)(internal citation omitted).

## DISCUSSION

The parties have filed a stipulated joint motion agreeing on the following: plaintiff's Complaint for Declaratory Relief and Mandatory Injunction (doc. 1) is moot, and is therefore dismissed with prejudice; and Claim One in plaintiff's First Supplemental

Complaint (doc. 25) is moot and also dismissed with prejudice. The parties further stipulate that the sole remaining claim in this case is Claim Two in plaintiff's First Supplemental Complaint alleging a violation of Section 9 of the Endangered Species Act ("ESA") by defendant's operation and maintenance of the Rogue River Basin Project ("Project"). Specifically, defendant's operation of the Project requires a "taking" of listed Southern Oregon/Northern California Coasts coho salmon ("coho"), a threatened species. Supplemental Complaint, ¶¶ 43-89. See Stipulated Joint Motion for Briefing Schedule, p. 2 (doc. 51).

Regarding plaintiff's Claim Two, on April 2, 2012, the National Marine Fisheries Service ("NMFS") issued a Biological Opinion for the Future Operation and Maintenance of the Rogue River Basin Project ("Biological Opinion"). The Biological Opinion analyzed the effect of the Project on listed coho and its designated critical habitat and concluded that the proposed operation was not likely to jeopardize these species or adversely modify critical habitat. The Biological Opinion also concluded that incidental "take" of coho was likely and, in accordance with the consultation regulations, NMFS issued an Incidental Take Statement ("ITS") that exempts defendant from ESA Section 9 liability for the operation and maintenance of the Project. See Fed. Def. Ex. 1. Defendant asserts that issuance of the ITS,

exempting it from liability under ESA Section 9 for operation and maintenance of the Project, moots plaintiff's remaining claim. I agree.

Under Article III of the United States Constitution, a federal court can adjudicate only an actual "case or controversy." Am. Rivers v. NMFS, 126 F.3d 1118, 1123 (9th Cir. 1997)(internal citations omitted). Whenever a case no longer appears as an actual case or controversy, it must be dismissed because "Article III of the Constitution prohibits federal courts from taking further action on the merits in moot cases." Envtl. Prot. Info. Ctr., Inc. v. Pac. Lumber Co., 257 F.3d 1071, 1076 (9th Cir. 2001)(internal citation omitted). Further, it is not relevant whether, at the time the Complaint was filed, plaintiff had valid "live" claims. The Ninth Circuit has held "that courts should not examine claims that become moot because of changed factual circumstances during the litigation." SW. Ctr. for Biological Diversity v. U.S. Forest Serv., 82 F. Supp. 2d 1070, 1079 (D. Ariz. 2000)(citing, Humboldt Cnty. v. United States, 684 F.2d 1276, 1283-84 (9th Cir. 1982)).

As described above, Section 9 of the ESA makes it unlawful for any person to "take" an endangered species. 16 U.S.C. § 1538(a)(1)(B). During consultation, if NMFS determines that the action is not likely to jeopardize the species, but is reasonably certain to result in the incidental take of listed species, NMFS

Page 5 - OPINION AND ORDER

provides an ITS along with a biological opinion, as happened here.  Pursuant to ESA Section 7(b)(4)(I)-(ii), the ITS must specify the impact of the incidental taking to the species and "those reasonable and prudent measures that [NMFS] considers necessary or appropriate to minimize such impact."  16 U.S.C. § 1536(b)(4)(I)-(ii).  Further, the ITS must set forth the "terms and conditions (including but not limited to, reporting requirements) that must be complied with by the Federal agency or applicant (if any), or both, to implement the [reasonable and prudent measures]...."  16 U.S.C. § 1536(b)(4)(iv).  Finally, Section 7(o)(2) of the ESA provides "any taking that is in compliance with the terms and conditions specified in a written [incidental take] statement . . . shall not be considered to be a prohibited taking of the species concerned."  16 U.S.C. § 1536(o)(2).  Therefore, based on Section 9(o), the ITS constitutes a permit authorizing the defendant to "take" the endangered species so long as it respects the NMFS's "terms and conditions."  See Bennett v. Spear, 520 U.S. 154, 170 (1997).

Plaintiff's second claim for relief is predicated on the allegation that defendant did not have an ITS.  See Pl.'s Supp. Compl. ¶ 45 ("Reclamation does not have an incidental take statement for its Rogue River Project operations.").  These circumstances changed when NMFS issued an ITS to defendant.  See Fed. Def.'s Ex. 1 at 102.  In fact plaintiff expressly

Page 6 - OPINION AND ORDER

acknowledged that an ITS exempts defendant from Section 9 liability. See Id. ¶ 46 ("Without a Biological Opinion and its related Incidental Take Statement for the Rogue River Project operations, any take of ESA listed coho salmon by Reclamation is unlawful under § 9(a)(1)(B) of the [ESA]...."). A "take" occurring under an ITS is exempt from ESA Section 9 liability. Ramsey v. Kantor, 96 F.3d 434, 441 (9th Cir. 1996)(Section 7(o) "indicates that any taking – whether by a federal agency, private applicant, or other party – that complies with the conditions set forth in the incidental take statement is permitted."). Further, case law confirms that issuance of a Biological Opinion, with an ITS, moots ESA Section 9 claims. See S. Utah Wilderness Alliance v. Madigan, No. 92-cv-1094, 1993 WL 19650 at *1 (D.D.C. Jan. 6, 1993)(dismissing claims under ESA Section 9 because FWS issued incidental take statements with the biological opinion); Or. Natural Res. Council v. Bureau of Reclamation, No. 91-cv-6284, 1993 U.S. Dist. LEXIS 7418, at *24-*25 (D. Or. Apr. 5, 1993)(dismissing claims under ESA Section 9 because FWS issued a biological opinion that included reasonable and prudent measures for the federal action at issue)(dismissed in part on appeal on other grounds).

Therefore, the existence of an ITS and defendant's statement of compliance and future compliance render plaintiff's remaining claim in this lawsuit moot. The actions challenged by plaintiff

Page 7 - OPINION AND ORDER

in its second claim for relief have been explicitly authorized by NMFS under Section 7, and are no longer even allegedly "wrongful." ESA Section 7(o)(2) states: "any taking that is in compliance with the terms and conditions specified in a written [ITS] . . . shall not be considered to be a prohibited taking of the species concerned." 16 U.S.C. § 1536(o)(2).

Moreover, because plaintiff failed to provide defendant with any notice of the violations that are newly alleged in its Response Memorandum, plaintiff may not now amend its Complaint. Although leave to amend shall be given "when justice so requires," Fed. R. Civ. P. 15(a)(2), it is "not to be granted automatically . . . ." Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990). Here, leave to amend or supplement the complaint would be futile. The ESA's waiver of sovereign immunity is explicit: "No action may be commenced under the [ESA citizen suit provision] prior to sixty days after written notice of the violation had been given...." 16 U.S.C. § 1540(g)(2)(A)(I). For the first time, in plaintiff's response dated June 29, 2012, plaintiff asserts that defendant is failing to implement the terms and conditions in the ITS. Pl.'s Resp at 14 ("Reclamation's failure to meet the terms and conditions prevents the take protection from going into effect."). Plaintiff is, of course, free to initiate another lawsuit alleging defendant's failure to abide by the terms and conditions

Page 8 - OPINION AND ORDER

of the ITS, but the court lacks jurisdiction to hear this new claim for relief in the case at bar.

On November 16, 2011, plaintiff sent the sixty-day notice upon which this lawsuit is predicated. There is no dispute that the notice pertains only to alleged violations that occurred in the past. See Pl.'s Unopp. Mot. to Reopen Case and Leave to File First Supp. Compl., docs. 20,21. Further, plaintiff admits that a sixty-day notice of intent to sue is jurisdictional. See Pl.'s Opp. to Def.-Intervener's Mot. for Reconsideration, p. 4 (doc. 58)("[The ESA's] notice requirement is a jurisdictional requirement for any Section 9 take claim.")(internal citations omitted). Plaintiff's November 2011 notice predates the April 2, 2012, ITS, and plaintiff has not sent a new notice to defendant alleging violations of the April 2, 2012 ITS. Although plaintiff may believe that defendant will be unable to meet the terms and conditions of the April 2, 2012 ITS, plaintiff, under the ESA, plaintiff must give both the alleged violator and the Secretary of Commerce written notice of an ESA violation 60 days prior to filing suit in Federal court. 16 U.S.C. § 1540(g)(2)(A)(I). Strict compliance with the notice requirements is a "mandatory, not optional, condition precedent for suit." Hallstrom v. Tillamook Cnty., 493 U.S. 20, 23 (1989). This is a jurisdictional requirement in the Ninth Circuit. See SW Center for Biological Diversity v. U.S. Bureau of Reclamation, 143 F.3d

Page 9 - OPINION AND ORDER

515, 520 (9th Cir. 1998)("sixty-day notice requirement is jurisdictional")(internal citations omitted). The failure to "strictly comply" with the sixty-day notice requirement acts as an "absolute bar" to bringing suit under the ESA. Id.; and Save the Yaak Comm. v. Block, 840 F.2d 714, 721 (9th Cir. 1988)(ESA claim must be dismissed for lack of jurisdiction where 60-day notice requirement was not met).

While a "strict construction of the 60-day notice requirement may appear to be inequitable and a waste of judicial resources, . . . it is inescapable that, in this situation courts 'lack authority to consider the equities.'" Home Builders Ass'n of No. Calif. v. U.S. Fish and Wildlife Serv., 2006 WL 3190518 at *10 (Nov. 2, 2006), modified on other grounds, 2007 WL 201248 (E.D. Cal. Jan. 24, 2007)(internal quotation omitted). See also, Southwest Ctr., 143 F.3d at 520(citing numerous cases stating that courts must be strict in their interpretation of the 60-day notice provision as an absolute bar to suit). Because plaintiff failed to comply with the ESA's 60 day notice provision, this court lacks jurisdiction over any subsequent amended or supplemental complaint. Therefore, plaintiff's alternative request to amend or supplement its complaint is denied.

## CONCLUSION

Defendant's motion for judgment on the pleadings (doc. 55) is granted. Plaintiff's request to file an amended complaint

(contained in its Response Memorandum, doc. 59) is denied. Defendant's request for oral argument is denied as unnecessary. This case is dismissed and all pending motions are denied as moot.

IT IS SO ORDERED.

Dated this 27th day of August 2012.

_____
Ann Aiken
United States District Judge