WILLIAM C. CARPENTER JR., Oregon State Bar # 90045
wcarpenter@iqc.org
Attorney at Law
474 Willamette St. Suite 303
Eugene, Oregon 97401
(541) 484-4436
Fax (541)683-1346
Attorney for Plaintiff

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Res. Div.
coby.howell@usdoj.gov
Coby Howell, Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Section
Wildlife & Marine Resources Division
c\o U.S. Attorneys Office
1000 S.W. Third Ave.
Portland, OR 97204-2902
(503) 727-1027
Fax (503) 727-1117

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

| | |
|---|---|
| OREGON WILD, an Oregon non-profit Corporation,<br><br>        Plaintiff,<br>v.<br><br>MICHAEL C. CONNOR,[1] in his official capacity as Commissioner of the Bureau of Reclamation,<br><br>        Defendant, | 6:09-cv-00185-AA<br><br>PLAINTIFF'S AND FEDERAL DEFENDANT'S STIPULATION REGARDING SETTLEMENT OF ATTORNEYS' FEES AND COSTS; PROPOSED ORDER |

WHEREAS, Plaintiff in this action filed suit against the Acting Commissioner of the United States Bureau of Reclamation

---

[1] Mr. Connor, as Commissioner of the Bureau of Reclamation, is substituted for Mr. McDonald, the outgoing Acting Commissioner.

STIPULATION - Page 1

(hereafter "Reclamation" or "Defendant") seeking injunctive relief and an order compelling defendant to undertake formal consultation pursuant to section 7(a)(2) of the Endangered Species Act ("the ESA"), 16 U.S.C. § 1536(a)(2), regarding operation of Reclamation's federally owned Rogue River Basin Project facilities, including the water allocations and inter-basin transfers associated with the Rogue River Basin Project;

WHEREAS, pursuant to ESA section 11(g)(2)(a), 16 U.S.C. § 1540(g)(2)(a), prior to 60 days before Plaintiff filed its complaint in this action, Plaintiff notified Defendant of its intent to reopen its suit, again alleging a failure by the Defendant to undertake formal consultation pursuant to section 7(a)(2) of the ESA, 16 U.S.C. § 1536(a)(2), regarding the operation of the Rogue River Basin Project;

WHEREAS, The National Marine Fisheries Service issued a Biological Opinion and Incidental Take Statement on April 3, 2012 on the effects the Rogue River Basin Project operations and maintenance may have on the Southern Oregon/Northern California Coast Evolutionarily Significant Unit of coho salmon;

WHEREAS, the Court on August 27, 2012 ruled on the section 7(a)(2) claim and an accompanying section 9, 16 U.S.C. § 1538, take claim, dismissing each claim;

WHEREAS, the Court on August 28, 2012 entered a judgment dismissing the case;

WHEREAS, Plaintiff believes that there are appealable issues resulting from the Opinion and Judgment;

STIPULATION - Page 2

WHEREAS, Plaintiff believes that there is a colorable claim for a portion of its attorney's fees to be awarded; and,

WHEREAS, it is in the interest of the public, the parties, and judicial economy to resolve this appeal and the fee issue without protracted litigation;

THEREFORE, without admission or adjudication of any question of fact or law, the parties agree as follows:

1.  Plaintiff agrees to forego its right to appeal the August 28, 2012 Judgment, based on the issues on which the Court based its August 27, 2012 Opinion. However, this extinguishment of rights does not apply to Plaintiff waiving any future claims regarding actions of the defendant which occur after August 28, 2012, as those actions would not be governed by the decision of the Court because the Court only addressed the issue of mootness in its opinion.

2.  In addition to the rights preserved in Paragraph 1, Plaintiff expressly reserves the right to challenge the final NOAA Fisheries April 2012 Endangered Species Act Biological Opinion for Future Operations and Maintenance of the Rogue River Basin Project (2012-2022). Plaintiff will provide a 60-day notice of intent to sue if it intends to challenge any final agency action under the Endangered Species Act.

3.  This stipulation and proposed order is effective upon signature and the filing by the Court. Upon signature and filing by the Court, the Federal Defendant agrees for purposes of this Stipulation that Plaintiff will be entitled to an award of costs

STIPULATION - Page 3

of litigation, including reasonable attorney's fees, pursuant to section 11(g)(4) of the ESA, 16 U.S.C. § 1540(g)(4). Federal Defendant agrees to pay $10,500.00 to William C. Carpenter, Jr., Esq., 474 Willamette Street #303, Eugene, OR 97401, on behalf of Plaintiff in this action. Federal Defendant will make this payment by electronic funds transfer to Mr. William C. Carpenter. Federal Defendant agrees to submit all necessary paperwork to the Judgment Fund processing office within ten (10) days of receiving this stipulation and order from the Court and receiving all information from Mr. Carpenter necessary to prepare this paperwork.

4. Plaintiff agrees that such award encompasses the entire amount of attorneys' fees and costs to which it is entitled from any party in the above-captioned matter, including all work and costs already performed or incurred in this action through and including the date of this stipulation and any additional work or costs performed or incurred after the Court enters this order. Plaintiff agrees that it is not entitled to any further monetary award in connection with this lawsuit.

5. This stipulation has no precedential value as to attorneys' fees and costs and shall not be used as evidence in any other attorneys' fees litigation. Similarly, the parties agree that this stipulation has no precedential value as to the merits of any claims and shall not be used as evidence in any future dispute regarding the applicability of the ESA;

6. By this stipulation, Federal Defendant does not waive

STIPULATION - Page 4

any right to contest fees claimed by Plaintiff or Plaintiff's counsel, including the hourly rate, in any future litigation.

    7. No provision of this stipulation shall be interpreted as or constitute a commitment or requirement that the Federal Defendant takes actions in contravention of the Endangered Species Act, the Administrative Procedure Act, or any other law or regulation, either substantive or procedural. Plaintiff recognizes that Federal Defendant has asserted that no provision of this stipulation shall be interpreted as or constitute a commitment or requirement that Defendant obligates or pays funds in violation of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other law or regulation;

    8. The provisions of this stipulation shall apply to and be binding upon each of the Parties including, but not limited to, their officers, directors, servants, employees, successors, and assigns; and,

    9. This stipulation constitutes the entire agreement of the Parties concerning the rights and obligations discussed herein and subject to dispute in this suit. No other agreement shall govern the rights of the Parties with respect to the matters resolved by this Stipulation, except in accordance with the terms herein. No modification to this Stipulation shall be valid unless written and executed by both parties.

\\
\\
\\

Dated this _1_ day of November 2012.

*[signature: Ann Aiken]*
The Honorable Ann Aiken
U.S. District Court Judge

IGNACIO MORENO
Asst. Attorney General

| s\ William C. Carpenter Jr.10/23/12 | s\ Coby Howell 10/23/12 |
|---|---|
| William C. Carpenter Jr. (DATE) | Coby Howell (DATE) |
| Attorney at Law | U.S. Department of Justice |
| Suite 303 | Wildlife & Marine Resources |
| 474 Willamette St. | Division |
| Eugene, Oregon 97401 | c\o U.S. Attorneys Office |
| (541) 484-4436 | 1000 S.W. Third Ave. |
| | Portland, OR 97204-2902 |
| | (503) 727-1117 |
| COUNSEL FOR PLAINTIFF | TRIAL COUNSEL FOR DEFENDANT |

STIPULATION - Page 6